1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM ANGELO LATTEN, JR.,            No.  2:23-cv-1879 DB P

12                    Plaintiff,

13          v.                               ORDER

14    J. BENAVIDEZ, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C.

18   §1983.  Before the court is plaintiff's complaint for screening and his motion to proceed in forma

19   pauperis.  For the reasons set forth below, this court will grant the motion to proceed in forma

20   pauperis.  In addition, this court finds plaintiff has stated potentially cognizable Eighth

21   Amendment claims for excessive force against defendants Salinas-Gonzalez and Ortiz-Garcia and

22   a potentially cognizable Eighth Amendment claim for failure to protect against defendant

23   Warstler.  This court further finds plaintiff fails to state any claims against defendant Benavidez.

24   Plaintiff will be given the choice of filing an amended complaint or proceeding immediately on

25   the claims in his complaint against Salinas-Gonzalez, Ortiz-Garcia, and Warstler.

26                              **IN FORMA PAUPERIS**

27          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a).

28   Accordingly, the request to proceed in forma pauperis will be granted.

1

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

2  §§1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

3  accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct

4  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

5  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

6  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

7  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

8  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

9  §1915(b)(2).

10                                        **SCREENING**

11  I.      **Legal Standards**

12    The court is required to screen complaints brought by prisoners seeking relief against a

13  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

14  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

15  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

16  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

17  U.S.C. § 1915A(b)(1) & (2).

18    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke

19  v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

20  1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

21  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

22  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

23  arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal

24  Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the

25  pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

26  the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

27  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

28  ////

2

1    However, in order to survive dismissal for failure to state a claim a complaint must contain

2    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

3    allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

4    U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

5    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

6    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

7    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8        The Civil Rights Act under which this action was filed provides as follows:

9            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
10           of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
11           or other proper proceeding for redress.

12   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

15   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

16   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

17   an act which he is legally required to do that causes the deprivation of which complaint is made."

18   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19   II.     **Discussion**

20           **A. Plaintiff's Allegations**

21       Plaintiff is incarcerated at the California Correctional Institution.  He complains of conduct

22   that occurred in January 2023 when he was incarcerated at the California Medical Facility

23   ("CMF").  Plaintiff identifies four defendants:  (1) J. Benavidez, Warden; (2) Y. Salinas-

24   Gonzalez, Correctional Officer; (3) H. Ortiz-Garcia, Correctional Officer; and (4) R. Warstler,

25   Correctional Officer.

26       Plaintiff alleges the following.  On January 20, 2023, defendant Salinas-Gonzalez threw

27   plaintiff to the ground as he was placing plaintiff in handcuffs.  He then punched plaintiff in the

28   face and upper torso.  Defendant Ortiz-Garcia then punched plaintiff in the face.  When plaintiff

1  rolled over, both defendants punched him in the back of the head.  Plaintiff alleges defendants
2  had no legitimate reason to use force against him.
3  Plaintiff states that defendant Warstler witnessed the attack by defendants Salinas-Gonzalez
4  and Ortiz-Garcia.  Warstler failed to intervene or to report the other officers' misconduct.
5  Plaintiff contends that defendant Benavidez, as warden at CMF, is responsible for his
6  subordinates.  Plaintiff states that he asked his counselor and others to be transferred because he
7  feared for safety, but those requests were refused.  Plaintiff appears to allege that Benavidez
8  failed to take appropriate disciplinary actions against Salinas-Gonzalez and Ortiz-Garcia.
9  For relief, plaintiff asks that he never be transferred back to CMF and seeks compensatory
10  and punitive damages.

11  **B.  Does Plaintiff State Claims for Relief?**

12  In order to state a claim that a defendant violated a plaintiff's Eighth Amendment right to be
13  free of excessive force, a plaintiff must allege facts showing that he was subjected to excessive
14  physical force that was applied "maliciously and sadistically to cause harm" rather than "in a
15  good-faith effort to maintain or restore discipline."  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)
16  (per curiam) (internal quotation omitted).  Plaintiff's allegations against defendants Salinas-
17  Gonzalez and Ortiz-Garcia are sufficient to state a potentially cognizable excessive force claim.
18  Prison officials have a duty under the Eighth Amendment "to take reasonable measures to
19  guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners."
20  Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v.
21  Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.
22  2005)).  To allege a claim for a violation of this duty, a prisoner must "show that the officials
23  acted with deliberate indifference to threat of serious harm or injury to an inmate."  Labatad, 714
24  F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).
25  Plaintiff's allegation that Warstler stood by and took no action while the other correctional officer
26  defendants punched plaintiff is sufficient to allege a potentially cognizable Eighth Amendment
27  claim.
28  ////

4

1    Plaintiff's allegations against defendant Benavidez are not sufficient to state a potential claim.

2    Supervisory personnel are generally not liable under § 1983 for the actions of their employees

3    under a theory of respondeat superior and, therefore, when a named defendant holds a

4    supervisorial position, the causal link between him and the claimed constitutional violation must

5    be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

6    Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

7    involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of

8    Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff's allegation that Benavidez violated his

9    rights based solely on Benavidez's status as warden does not state a claim.

10   Plaintiff's allegation that Benavidez should have disciplined the other defendants also fails to

11   state a claim.  A failure to discipline staff does not alone state a claim under § 1983 because

12   plaintiff does not have a constitutional right to have staff disciplined.  See Blue v. Davis, No.

13   C05-0315-TSZ-JPD, 2006 WL 1519287, at *3 (W.D. Wash. May 25, 2006).  Plaintiff fails to

14   show Benavidez acted in a way that violated plaintiff's constitutional rights.

15                                            **CONCLUSION**

16   This court finds above that plaintiff has stated potentially cognizable Eighth Amendment

17   claims against defendants Salinas-Gonzalez, Ortiz-Garcia, and Warstler.  This court further finds

18   that plaintiff has failed to state any plausible claims against defendant Benavidez.

19   Plaintiff has a choice.  He may proceed now on his claims against Salinas-Gonzalez, Ortiz-

20   Garcia, and Warstler or he may amend the complaint to attempt to also state other claims.

21   Plaintiff is warned that in any amended complaint he must include all claims he wishes to proceed

22   on in this action.

23   If plaintiff chooses to file an amended complaint, he must address the problems with his

24   complaint that are explained above.  Plaintiff is advised that in an amended complaint he must

25   clearly identify each defendant and the action that defendant took that violated his constitutional

26   rights.  The court is not required to review exhibits to determine what plaintiff's charging

27   allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it

28   in the body of the complaint.  The charging allegations must be set forth in the amended

                                                  5

1   complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff

2   need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a

3   short, plain statement of each claim.  <u>See</u> Fed. R. Civ. P. 8(a).

4       Any amended complaint must show the federal court has jurisdiction, the action is brought in

5   the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a

6   request for particular relief.  Plaintiff must identify as a defendant only persons who personally

7   participated in a substantial way in depriving plaintiff of a federal constitutional right.  <u>Johnson v.</u>

8   <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

9   constitutional right if he does an act, participates in another's act or omits to perform an act he is

10  legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

11  official participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d

12  266, 268 (9th Cir. 1982) (citations omitted).

13      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

14  Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

15  Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

16  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

17      The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d

18  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

19  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

20  84; <u>cf.</u> Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

21  set forth in short and plain terms, simply, concisely and directly.  <u>See</u> <u>Swierkiewicz v. Sorema</u>

22  <u>N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

23  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

24      An amended complaint must be complete in itself without reference to any prior pleading.

25  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

26  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

27  evidentiary support for his allegations, and for violation of this rule the court may impose

28  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 8) is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Salinas-Gonzalez, Ortiz-Garcia, and Warstler.

4.  Plaintiff's claims against defendant Benavidez are dismissed with leave to amend.

5.  Plaintiff may choose to proceed on his potentially cognizable claims set out above or he may choose to amend his complaint.  If plaintiff chooses to proceed on his claims against Salinas-Gonzalez, Ortiz-Garcia, and Warstler in the complaint, he shall voluntarily dismiss his other claims.

6.  Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

7.  Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  April 10, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/latt1879.scrn LTA or proceed

7

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM ANGELO LATTEN, JR,              No.  2:23-cv-1879 DB P

12              Plaintiff,

13        v.                                 PLAINTIFF'S NOTICE ON HOW TO
                                             PROCEED
14   J. BENAVIDEZ, et al.,

15              Defendants.

16

17   Check one:

18   _____   Plaintiff wants to proceed immediately on his Eighth Amendment claims against

19           defendants Salinas-Gonzalez, Ortiz-Garcia, and Warstler.  Plaintiff understands that by

20           going forward without amending the complaint he is voluntarily dismissing all other

21           claims and dismissing defendant Benavidez.

22   _____   Plaintiff wants to amend the complaint.

23

24   DATED:_____

25

26

27                                           _____
                                             Plaintiff William Angelo Latten, Jr., Pro Se
28

                                                    8