1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM ANGELO LATTEN, JR.,              No.  2:23-cv-1879 DB P

12                  Plaintiff,

13          v.                                ORDER

14   J. BENAVIDEZ, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C.

18   §1983.  On screening plaintiff's complaint, this court found plaintiff stated potentially cognizable

19   claims against defendants Salinas-Gonzalez, Ortiz-Garcia, and Warstler.  (ECF No. 10.)  This

20   court further found that plaintiff stated no claims against defendant Benavidez.  Plaintiff was

21   given the option of proceeding immediately on the potentially cognizable claims or filing an

22   amended complaint.  Plaintiff chose to file an amended complaint.  (ECF No. 13.)  He has done

23   so.  (ECF No. 15.)  Below, this court finds plaintiff states no cognizable claims in the first

24   amended complaint.  This court dismisses the first amended complaint with leave to file a second

25   amended complaint.

26                                   **SCREENING**

27          As described in this court's prior screening order, the court is required to screen complaints

28   brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983.

                                           1

28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff identifies the same four defendants he named in his first complaint:  (1) J. Benavidez, Warden; (2) Y. Salinas-Gonzalez, Correctional Officer; (3) H. Ortiz-Garcia, Correctional Officer; and (4) R. Warstler, Correctional Officer.  However, in his first amended complaint, plaintiff alleges conduct only by defendant Benavidez.

Plaintiff states that after he was assaulted by officers, he asked Warden Benavidez for a transfer.  Instead, Benavidez had plaintiff placed in segregated housing for 72 days.

There are two significant problems with the first amended complaint.  First, plaintiff fails to state any constitutional claim against Benavidez.  As plaintiff was informed previously, the fact that Benavidez is the warden does not mean he is responsible under §1983 for the actions of his subordinates.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  To the extent plaintiff alleges Benavidez violated his rights by refusing to transfer him, plaintiff is advised that he has no constitutional right to a transfer per se. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983) (Prisoners have no constitutional right to incarceration in a particular institution.); see also Tyler v. Coggins, No. 1:10-cv-00098-AWI-MJS (PC), 2012 WL 285023, *2 (E.D. Cal. Jan. 31, 2012) (denial of requested transfer did not constitute sufficiently serious deprivation to satisfy first element of Eighth Amendment claim); Seidenfeld v. Rosales, No. CV 10-7004 PA (JCG), 2011 WL 835782, *2 (C.D. Cal. Jan. 20, 2011).  Finally, plaintiff fails to allege any facts showing that his placement in segregated housing violated any constitutional rights.

////

2

The second problem with the first amended complaint, is that plaintiff failed to re-state his claims against defendants Salinas-Gonzalez, Ortiz-Garcia, and Warstler.  In this court's prior screening order, plaintiff was informed that in his amended complaint "he must include all claims he wishes to proceed on in this action."  Once plaintiff files an amended complaint, his prior complaint is no longer effective.  Therefore, if plaintiff wishes to pursue his claims against Salinas-Gonzalez, Ortiz-Garcia, and Warstler, he must include them in his complaint.  Plaintiff will be given the opportunity to file a second amended complaint to attempt to state a claim against defendant Benavidez and to re-state his claims against Salinas-Gonzalez, Ortiz-Garcia, and Warstler that this court previously found cognizable.

## CONCLUSION

This court finds above that plaintiff has not stated any potentially cognizable Eighth Amendment claims in his first amended complaint.  That complaint will be dismissed and plaintiff will have the opportunity to file a second amended complaint.

In the second amended complaint, plaintiff must address the problems with his first amended complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

1   legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

2   official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d

3   266, 268 (9th Cir. 1982) (citations omitted).

4          In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

5   Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

6   Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

7   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8          The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

9   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

11  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

12  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

13  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

14  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

15         An amended complaint must be complete in itself without reference to any prior pleading.

16  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

17         By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

18  evidentiary support for his allegations, and for violation of this rule the court may impose

19  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20         For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

21  follows:

22     1.  The first amended complaint (ECF No. 15) is dismissed with leave to amend.

23     2.  Within thirty days of the date of this order, plaintiff shall file a second amended

24         complaint.  If plaintiff fails to do so, this court may recommend this case be dismissed.

25  ////

26  ////

27  ////

28  ////

1    3.  The Clerk of the Court shall provide plaintiff with a copy of the prisoner complaint form

2       used in this district.

3 Dated:  June 14, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/latt1879.FAC scrn LTA

5