UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANGELO LATTEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> J. BENAVIDEZ, et al., <br><br> Defendants. | No.  2:23-cv-1879 DB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  On screening plaintiff's complaint, this court found plaintiff stated potentially cognizable Eighth Amendment claims against defendants Salinas-Gonzalez, Ortiz-Garcia, and Warstler. (ECF No. 10.)  This court further found that plaintiff stated no claims against defendant Benavidez.  Plaintiff was given the option of proceeding immediately on the potentially cognizable claims or filing an amended complaint.  Plaintiff chose to file an amended complaint. (ECF No. 13.)

   On screening the amended complaint, this court found plaintiff again failed to state a claim against Benavidez.  In addition, this court noted that plaintiff omitted his claims against the remaining defendants from the amended complaint.  Plaintiff was given the opportunity to file a second amended complaint to restate his claims against Salinas-Gonzalez, Ortiz-Garcia, and

////

1  Warstler and to attempt to state a claim against Benavidez.  (ECF No. 16.)  Plaintiff has filed a
2  second amended complaint.  (ECF No. 17.)
3     In his second amended complaint, plaintiff simply states that Benavidez, a supervising
4  officer, violated his First and Sixth Amendment rights.  Plaintiff alleges no facts to support that
5  statement.  Plaintiff has had three opportunities to state a claim against Benavidez and has failed
6  to do so.  This court finds that providing plaintiff any further opportunities to state a claim against
7  Benavidez would be futile.  This court will recommend defendant Benavidez be dismissed from
8  this action.
9     As he did in his original complaint, plaintiff has stated potentially cognizable Eighth
10  Amendment excessive force claims against defendants Salinas-Gonzalez and Ortiz-Garcia and a
11  potentially cognizable Eighth Amendment failure to protect claim against defendant Warstler.[1]
12  By separate order, this court will order service of the second amended complaint on those three
13  defendants.
14     For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly
15  assign a district judge to this case; and
16     IT IS RECOMMENDED that defendant Benavidez be dismissed from this action without
17  prejudice.
18       These findings and recommendations will be submitted to the United States District Judge
19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
20  after being served with these findings and recommendations, plaintiff may file written objections
21  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
22  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
23  ////
24  ////
25  ////
26
27  [1] In his second amended complaint, plaintiff does not identify the date of the events complained
    of.  In his original complaint, plaintiff alleged the events occurred on January 20, 2023.  (See ECF
28  No. 1 at 3.)

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 3, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/latt1879.SAC scrn

3