UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANGELO LATTEN, JR., | No. 2:23-cv-1879-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| J. BENAVIDEZ, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is an incarcerated person representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Eighth Amendment excessive force claims against defendants Salinas-Gonzalez and Ortiz-Garcia and an Eighth Amendment failure to protect claim against defendant Warstler.  ECF No. 18 (screening order).  Currently pending before the court is defendants' motion to dismiss the second amended complaint on the basis that the claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  ECF No. 38.  Plaintiff has not filed an opposition and the time to do so has expired.  For the reasons explained in further detail below, the undersigned recommends denying the motion to dismiss.

**I.  Factual and Procedural History**

In the second amended complaint,[1] plaintiff alleges that while incarcerated at the

---

[1] The amended complaint does not indicate what date any of the events occurred.  However, plaintiff's original complaint asserted that these same events occurred on January 20, 2023. Compare ECF No. 17 with ECF No. 1.

1

1   California Medical Facility ("CMF"), he was punched in the face by Correctional Officer Ortiz-
2   Garcia.  ECF No. 17 at 4.  After raising his hands with palms facing out to show his lack of
3   resistance, plaintiff was punched again in the face with a closed fist by defendant Ortiz-Garcia.
4   ECF No. 17 a 4.  Correctional Officer Salinas-Gonzalez also punched plaintiff repeatedly in the
5   face.  Id.  Defendant Salinas-Gonzalez told plaintiff to "cuff up" and then immediately grabbed
6   plaintiff's legs and forced him to the ground.  Id.  Salinas-Gonzalez then struck plaintiff in the
7   face and head.  Id.  Correctional Officer Warstler watched the use of force on plaintiff by the
8   other two defendants and did not intervene.  ECF No. 17 at 5.  Plaintiff denies resisting defendant
9   Salinas Gonzalez's application of handcuffs to him.  Id.

10             Defendants seek dismissal of the second amended complaint on the grounds that the
11  claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  ECF No. 38-1.  In support of the
12  motion, defendants request that the court take judicial notice of records from the Solano County
13  Superior Court demonstrating that plaintiff entered a no contest plea to obstructing or resisting an
14  executive officer in the performance of their duties by means of threats, force, or violence in
15  violation of California Penal Code § 69.  ECF No. 38-2 at 11-17.  As part of this plea, plaintiff
16  stipulated to the following factual basis to support his plea:  "On January 20, 2023 the [plaintiff]
17  while a confined person serving a prison sentence at the California Medical Facility in the County
18  of Solano, did willfully and unlawfully resist lawful orders by Correctional Officer Y. Salinas
19  Gonzalez using force."  ECF No. 38-2 at 23 (transcript of plea hearing).  Defendants argue that
20  these stipulated facts show that "Plaintiff was the true aggressor, attacking Defendants, while
21  Defendants' response was lawful."  ECF No. 38-1 at 7.  Defendants contend that "[t]his case
22  would, in effect, re-litigate Plaintiff's conviction for his January 20, 2023 attack, on which he
23  pleaded no contest in Solano County, stipulating that he unlawfully resisted Officer Salinas-
24  Gonzalez's lawful orders while using force."  ECF No. 38-1 at 7.  Since plaintiff's conviction has
25  not been invalidated, defendants assert that his § 1983 claims are barred by Heck.  ECF No. 38-1
26  at 6.

27       **II.      Legal Standards**
28          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

sufficiency of the claims alleged in the complaint. Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Additionally, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner may not bring a civil suit for damages pursuant to 42 U.S.C. § 1983 which questions the validity of his underlying conviction until he has had the conviction set aside. However, where "a successful section 1983 action for excessive force would not necessarily imply the invalidity of [plaintiff's] arrest or conviction, Heck does not preclude [plaintiff's] excessive force claim." Smithart v. Towery, 79 F.3d 951, 952-53 (9th Cir. 1996) (per curiam).

### III.    Analysis

The court first addresses defendants' request for judicial notice of "the Court filings, orders, plea agreement, and transcripts in Superior Court of California, Solano County Case No F23-00402" supporting their motion to dismiss. Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of "a fact that is not subject to reasonable dispute" which is "generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this rule, judicial notice is appropriate for publicly available records such as hearing transcripts from other court proceedings. Foster Poultry Farms v. Alkar-Rapidpak-MP

3

Equip., Inc., 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012). Judicial notice of the court records submitted by defendants is appropriate.

Turning to the merits of defendants' motion to dismiss, the recent Ninth Circuit decision in King v. Villegas, --- F.4th ----, 2025 WL 2950508 (Oct. 20, 2025), controls the outcome. In King, the Ninth Circuit held that evidence of a nolo contendere plea was not admissible under Rule 410(a) of the Federal Rules of Evidence to prove that a § 1983 excessive force claim is Heck barred. As result, the district court erred in considering "both evidence of 'a nolo contendere plea' and 'statements made during a proceeding on' that plea 'in a civil case' against 'the defendant who made the plea'" under Rule 410(a). King, 2025 WL 2950508 at *5. The Ninth Circuit emphasized that "[n]either King's plea nor statements during the hearing culminating in his nolo plea constituted admissions of the factual basis for the plea." Id. Thus, the district court erred in admitting plaintiff's nolo plea as well as the stipulated factual basis supporting the plea in determining whether the § 1983 claims were Heck barred. Based on this precedential decision, defendants are foreclosed from relying on plaintiff's no contest plea in the Solano County Superior Court as evidence that his claims in this case are Heck barred. Accordingly, the undersigned recommends denying defendants' motion to dismiss.

IT IS HEREBY ORDERED that defendants' request for judicial notice (ECF No. 38-2) is granted.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 38) be denied; and,

2. Defendants be required to answer plaintiff's second amended complaint within 30 days of an order adopting these Findings and Recommendations, if they are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 24, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE